UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RAFAEL SERRATA,

                                      **Plaintiff(s),**                      **Civil Action No.:**
                                                                              **18-CV-02016(ARR)(SMG)**

           **-against-**

**POLICE OFFICER VANESSA GIVENS, TAX REG# :**    **AMENDED COMPLAINT**
**956386, in her individual and official capacity, POLICE**
**OFFICER, CURION, in her individual and official**
**capacity, SERGEANT LAWRENCE, in his individual and**
**official capacity, and POLICE OFFICERS "JOHN**
**DOES" 1-10, in their individual and official capacity,**
                                                **Defendant(s).**
-------------------------------------------------------------------X

        Plaintiff, RAFAEL SERRATA, by and through his attorneys, RENFROE DRISCOLL & FOSTER, LLP, as and for his Complaint, against the Defendants, respectfully states and alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. This is a civil action for monetary relief, including past economic loss, compensatory damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. §§ 1983, 1986, and grounded in rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff was deprived of his constitutional and common law rights when the individual Defendants falsely arrested Plaintiff.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1986 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and the aforementioned statutory and constitutional provisions.

Case 1:18-cv-02016-ARR-SMG   Document 21   Filed 11/30/18   Page 2 of 15 PageID #: 92

3. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law and causes of action that derive from the same nucleus of operative facts and are part of the same case of controversy that gives rise to the federally based claims and causes of action.

## VENUE

4. Venue herein is proper under 28 U.S.C. § 1391(a), (b) and (c) because the cause of action arose in the Eastern District of New York, and one or more of the Defendants are subject to personal jurisdiction in the Eastern District of New York, and have contacts sufficient to subject them to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. During all times relevant to this Amended Complaint, Plaintiff, RAFAEL SERRATA, (hereinafter "Plaintiff") was and still is, a citizen of the United States, residing in the County of Queens, City and State of New York.

6. Upon information and belief, during all times relevant to this Amended Complaint, Defendant, POLICE OFFICER VANESSA GIVENS, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the City of New York (City), under the direction of the City and was acting in furtherance of the scope of her employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in her individual and official capacity.

7. Upon information and belief, during all times relevant to this Amended Complaint, Defendant, POLICE OFFICER CURION, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the City, under the direction of the City and was acting in furtherance of the scope of her employment, acting under

color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in her individual and official capacity.

8. Upon information and belief, during all times relevant to this Amended Complaint, Defendant, POLICE SERGEANT LAWRENCE, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Sergeant employed by the City, under the direction of the City and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in her individual and official capacity.

9. That Defendants, JOHN DOES 1-10 were at all times herein mentioned police officers and/or detectives, in their individual and official capacities, employed by City, under direction of the City, and were acting in furtherance of the scope of their employment, acting under color of law, *to wit*, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the City.

10. During all times relevant to this Amended Complaint, the Defendants, and each of them, were acting under color of law, *to wit*, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the City.

11. During all times relevant to this Amended Complaint, the Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

12. During all times relevant to this Amended Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants; and thereby, became a party to unlawfully subjecting the Plaintiff to harm and denial of basic rights.

## FACTUAL ALLEGATIONS

13. On or about January 14, 2017, at approximately 3:15 a.m., Plaintiff was lawfully standing on the sidewalk outside of the premises known as 40-05 Bell Boulevard, also known as the Safari Beach Club, located in the County of Queens, State of New York.

14. At that time, Plaintiff was approached by New York City Police Officers (including Defendants GIVENS, CURION, LAWRENCE, and JOHN DOES 1-10),

15. Plaintiff was told by the New York City Police Officers to "turn around," to which Plaintiff complied.

16. The New York City Police Officers then began an unlawful search of Plaintiff's person.

17. Plaintiff asked the officers why he was being searched. The New York City Police Officers iterated that they were searching Plaintiff for a weapon.

18. The New York City Police Officers falsely alleged Plaintiff was carrying a weapon as a basis for their search. No weapon was ever found, nor was Plaintiff charged with illegally carrying a weapon.

19. During the search, the New York City Police Officers took Plaintiff's car keys out of his pocket.

20. After Plaintiff's person was searched, Defendant, JOHN DOES 1, without just cause and without provocation, and with the use of hostile, unnecessary, extreme and excessive force, slammed Plaintiff up against a 2014 Nissan Sentra, the vehicle driven to the location by Plaintiff.

21. Instead of intervening to prevent Defendant, JOHN DOE 1's, assault and battery of Plaintiff and violation of Plaintiff's civil rights, Defendants, GIVENS, CURION, LAWRENCE, and JOHN DOES 2-10, joined in concert with Defendant, JOHN DOE 1 to violate Plaintiff's civil rights by using hostile, unnecessary, extreme and excessive force to violently push Plaintiff up against the 2014 Nissan Sentra.

22. It was at this point that Plaintiff was put in handcuffs by Defendant, GIVENS.

23. At that time, Defendants, GIVENS, CURION, LAWRENCE, and/or JOHN DOES 2-3, used Plaintiff's car keys to gain access to the interior and the trunk of Plaintiff's 2014 Nissan Sentra and search said vehicle without justification.

24. From the time Plaintiff was approached by New York City Police Officers and up until the time of the search of the vehicle, Plaintiff was neither operating, nor inside the vehicle.

25. According to Defendant, GIVENS, the search revealed a bottle of VSOP brandy on the front seat of the 2014 Nissan Sentra.

26. Without provocation or cause, Plaintiff was falsely arrested and charged with operating a motor vehicle under the influence of alcohol.

27. Plaintiff was placed in a squad car and taken to the 111th Precinct by Defendants, GIVENS and CURION.

28. Once at the 111th Precinct, Plaintiff was fingerprinted, photographed, and placed in a holding cell for approximately one (1) hour.

29. Thereafter, Plaintiff was transported to the 112th Precinct to undergo a breathalyzer test. The breathalyzer test took place at or about 4:30 a.m.

30. Plaintiff was then transported back to the 111th Precinct and was placed in a holding cell for approximately five (5) more hours.

31. Plaintiff was then transported to Central Booking, arriving at or about 10:00 a.m.

32. Plaintiff was at Central Booking for approximately thirteen to fifteen (13-15) hours. Plaintiff was searched once more and arraigned on a charge of driving under the influence of alcohol.

33. The criminal charges against Plaintiff were dropped at arraignment on January 14, 2017.

34. Defendants individually and collectively knew at the time of the Plaintiff arrest, and at all times since then, that the evidence they had in connection with the charges brought against the Plaintiff was false, inconsistent with and insufficient to establish his guilt with respect to the charged crimes.

35. Defendants, GIVENS, CURION, LAWRENCE, and POLICE OFFICER JOHN DOES 1-10 all committed tortious acts against Plaintiff and to violate Plaintiff's constitutional rights.

36. Upon information and belief, the defendants, GIVENS, CURION, LAWRENCE, and POLICE OFFICER JOHN DOES 1-10, deprived Plaintiff of his constitutional rights; specifically by unlawfully arresting Plaintiff and by using excessive force against Plaintiff.

37. Those Defendant Officers who did not touch Plaintiff failed to protect him from the unlawful arrest, depravation of due process, assault, battery, and excessive force used against Plaintiff by the individually named defendants.

38. As a result of Defendants' conduct, Plaintiff has been subjected to unlawful detention, due process violations, humiliation, anxiety, fear, emotional harm, physical harm and pecuniary loss.

39. The false arrest, false imprisonment, depravation of due process, assault, battery, and excessive force used against Plaintiff by the individually named defendants caused Plaintiff to sustain physical damage, mental anguish, and psychological and emotional trauma.

40. Plaintiff also sustained economic loss as a result of the false arrest, false imprisonment, depravation of due process, assault, battery, and excessive force used against Plaintiff by the individually named defendants.

41. As a direct result of the Defendants' use of excessive force, Plaintiff was caused to suffer injury to his spine, which worsened over time and resulted in Plaintiff suffering from no less than two (2) bulging discs.

42. As a direct result of Plaintiff's injuries, which were directly caused by Defendants' use of excessive force, Plaintiff was caused to miss at least six (6) months of work due to a physical inability to complete his daily work tasks.

43. As a direct result of Plaintiff's injuries, which were directly caused by Defendants' use of excessive force, Plaintiff needed to treat with his primary care physician, a neurologist, physical therapists, and was prescribed pain medication.

44. As a direct result of the Defendants' conduct, Plaintiff continues to suffer loss of income, loss of employment benefits, loss of career opportunities, and has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma. Plaintiff has suffered great financial expense in relation to the violation of his civil rights and the tortious acts that have been committed against him by the Defendants.

45. An examination of Plaintiff, pursuant to GML Section 50-h, was conducted on July 10, 2017.

46. The total amount claimed is Two Million Dollars ($2,000,000.00).

## AS AND FOR COUNT ONE

**42 U.S.C. § 1983 - Violation of Plaintiff's Fourth and Fourteenth Amendment Rights**

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 46 of this Complaint with the same force and effect as though set forth herein.

48. Plaintiff alleges numerous constitutional violations under Section 1983, which include, but is not limited to: unlawful stop, unlawful search and seizure, failure to intervene, false imprisonment, and excessive use of force, all of which support Plaintiff's claims for constitutional violations.

49. Plaintiff alleges that the individually named Defendants, GIVENS, CURION, LAWRENCE, and JOHN DOES 1-10, were acting in concert and within the scope of their authority when they arrested and caused Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free from an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

50. The false arrest of Plaintiff by the individually named Defendants was an objectively illegal and unreasonable physical seizure of Plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

51. Plaintiff alleges that Defendants, GIVENS, CURION, LAWRENCE, and JOHN DOES 1-10, failed to intervene as it relates to the incident involving Plaintiff on January 14, 2017, which constituted violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious.

52. On or about January 14, 2017, Plaintiff was falsely arrested, falsely seized and falsely detained, deprived of his freedom, unlawfully imprisoned and subjected to the use of excessive

force by Defendants, GIVENS, CURION, LAWRENCE, and JOHN DOES 1-10, in violation of his civil and constitutional rights afforded to him via the Fourth Amendment and the Due Process Clause of the Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. § 1983. All acts by the Defendants were committed under color of law; thus, depriving Plaintiff of rights secured by federal law and the United States Constitution.

53. On or about January 14, 2017, Defendants, GIVENS, CURION, LAWRENCE, and JOHN DOES 1-10, falsely arrested, falsely seized and falsely detained Plaintiff, thus, depriving him of his freedom. Said seizure was made without probable cause, as Defendants were of the knowledge that Plaintiff had committed no crime.

54. Plaintiff was aware of his confinement and Plaintiff did not consent to being confined.

55. As part of the false arrest, detention and accusations, Defendants caused the Plaintiff to be wrongfully seized, falsely detained, falsely arrested, falsely imprisoned, and deprived of his liberty, without probable cause. Furthermore, as a direct result of said actions, the Plaintiff was unjustly exposed to disgrace, public humiliation, injury and embarrassment.

56. In arresting and detaining Plaintiff, each of the Defendants knew or should have known that they were violating federal law and the Plaintiff's constitutional rights set forth herein and had failed to prevent the same; and therefore, acted in concert to harm the Plaintiff.

57. The use of excessive force by the individually named Defendant, JOHN DOE 1, in pushing, tackling, and slamming Plaintiff was an objectively unreasonable physical seizure of Plaintiff and was in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

58. Each of the Defendants, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and each of the Defendants, separately and in concert

acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his right to freedom from illegal seizure of his person, freedom from illegal detention and imprisonment, and freedom from having excessive force used against him; all rights that are secured to Plaintiff by the Fourth Amendment, the due process clause of the Fourteenth Amendments of the United States Constitution, and by 42 U.S.C. § 1983. As a direct and proximate result of the aforesaid acts of the Defendants and each of them, Plaintiff suffered great physical harm, mental anguish and violation of rights from then until now and Plaintiff will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of the Defendants.

59. As a direct result of the Defendants' use of excessive force, Plaintiff was caused to suffer injury to his spine, which worsened over time and resulted in Plaintiff suffering from no less than two (2) bulging discs.

60. As a direct result of Plaintiff's injuries, which were directly caused by Defendants' use of excessive force, Plaintiff was caused to miss at least six (6) months of work due to a physical inability to complete his daily work tasks.

61. As a direct result of Plaintiff's injuries, which were directly caused by Defendants' use of excessive force, Plaintiff needed to treat with his primary care physician, a neurologist, physical therapists, and was prescribed pain medication.

62. As a direct result of the Defendants' conduct, Plaintiff continues to suffer loss of income, loss of employment benefits, loss of career opportunities, and has suffered and continues to suffer repeated, severe and permanent physical injury. Plaintiff has suffered great financial expense in relation to the violation of his civil rights and the tortious acts that have been committed against him by the Defendants.

63. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of Two Million Dollars ($2,000,000.00), including the cost of this action, attorney's fees pursuant 42 U.S.C. §1988, and punitive damages

64. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the Unites States constitution this Court has jurisdiction to hear the federally based claim.

## AS AND FOR COUNT TWO

### 42 U.S.C. § 1986 – Failure to Intervene

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 64 of this Complaint with the same force and effect as though set forth herein.

66. Defendants, GIVENS, CURION, LAWRENCE, and JOHN DOES 1-10, knew or should have known that the arrest of Plaintiff without probable cause violated the Plaintiff's rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §§ 1983 and 1986.

67. Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the unlawful arrest, wrongful detainment, and use of excessive force against Plaintiff yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur. All without consideration of Plaintiff's rights and in violation of Plaintiff's rights.

68. Defendants, GIVENS, CURION, LAWRENCE, and JOHN DOES 1-10, failure to stop theses wrongful acts constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

69. Defendants, GIVENS, CURION, LAWRENCE, and JOHN DOES 1-10, knew or should have known that the arrest of Plaintiff without probable cause and the use of excessive force was violative of his Fourth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

70. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, severe emotional and psychological damage, disgrace, humiliation and embarrassment and has been damaged in the sum of Two Million Dollars ($2,000,000.00), including the cost of this action, attorney fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT THREE

### State Law False Arrest/False Imprisonment

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 70 of this Complaint with the same force and effect as though set forth herein.

72. Defendants, GIVENS, CURION, LAWRENCE, and JOHN DOES 1-10, lacked any probably cause to stop, hold, and detain the Plaintiff in custody for any period of time, no less the prolonged period of custody at the 111th Precinct, 112th Precinct, and Queens County Central Booking. Without such probable cause, Defendants, GIVENS, CURION, LAWRENCE, and JOHN DOES 1-10, wrongfully detained the Plaintiff in a police car, at the two Precincts, and at Queens County Central Booking. Plaintiff was denied his freedom for a period of approximately twenty (20) hours. During said time, Plaintiff was physically prevented from leaving the custody of police, in that Plaintiff was handcuffed and surrounded by officers at the scene where the incident initiated and later locked in a holding cell at the 111th Precinct, an interrogation room at the 112th Precinct, and then in another holding cell back at the 111th Precinct. Plaintiff was held

against his will under the supervision and knowledge of the Police and thereafter transported to Queens County Central Booking, where Plaintiff was confined further, and then arraigned.

73. Plaintiff was aware of his confinement and did not consent to being confined.

74. As a result of said false arrest and false imprisonment, Plaintiff suffered and continues to suffer damage, all due to the callous indifference of said Defendants in falsely arresting and imprisoning Plaintiff and requiring Plaintiff to face false charges.

75. That by reason of the foregoing, Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Two Million Dollars ($2,000,000.00), including the cost of this action, attorneys' fees, and punitive damages.

## AS AND FOR COUNT FOUR

### Assault

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 75 of this Complaint with the same force and effect as though set forth herein.

77. The individually named Defendants, GIVENS, CURION, LAWRENCE, and JOHN DOES 1-10, their agents, servants, and employees, intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff, and that such acts caused apprehension of such contact in the Plaintiff.

78. That by reason of the foregoing, the Plaintiff has been exposed to depravation or rights granted by law, disgrace, public humiliation, and embarrassment and has been damaged in the sum of Two Million Dollars ($2,000,000.00), including the cost of this action and punitive damages.

## AS AND FOR COUNT FIVE

### Battery

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 78 of this Complaint with the same force and effect as though set forth herein.

80. The individually named Defendants, GIVENS, CURION, LAWRENCE, and JOHN DOES 1-10, their agents, servants, and employees, intentionally, willfully, and maliciously battered Plaintiff when they, in a hostile or offensive manner illegally and unreasonably pushed, tackled and struck Plaintiff without Plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such batter.

81. That by reason of the foregoing, the Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Two Million ($2,000,000.00) dollars, including the cost of this action, and punitive damages

### JURY DEMAND

82. Plaintiff hereby demands trial by jury of all issues properly triable by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff, RAFAEL SERRATA, shall recover compensatory damage in the sum of Two Million Dollars ($2,000,000.00) against the individual Defendants, jointly and severally, together with interest and costs; and punitive damages in the sum of Two Million Dollars ($2,000,000.00) against the individual Defendants, jointly and severally.

    a. That the Plaintiff recovers the cost of the suit herein, including reasonable attorney fees, pursuant to 42 U.S.C. § 1988.

b. That the Plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: Forest Hills, New York
November 30, 2018

Respectfully submitted,

**RENFROE DRISCOLL & FOSTER, LLP**

By: *[signature]*

**Patrick K. Foster, Esq.**
*Attorneys for Plaintiff*
118-35 Queens Blvd., Suite 940
Forest Hills, New York 11375
Tel. No.: (718) 261-5100
Fax No.: (718) 304-1168